UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
YSAEL ESPINOSA,

                      Plaintiff,

         -against-                                18 Civ. 8855

ABRAHAM REFRIGERATION A/C CORP. d/b/a
ABRAHAM REFRIGERATION CORPORATION,    **COMPLAINT**
ABRAHAM REFRIGERATION CORP., d/b/a
ABRAHAM REFRIGERATION, and ABRAHAM
PEREZ,

                      Defendants.
------------------------------------------------------------------- X

       Plaintiff Ysael Espinosa ("Plaintiff" or "Espinosa"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Abraham Refrigeration Corp. and Abraham Refrigeration A/C Corp., both doing business as Abraham Refrigeration Corporation (collectively, "Abraham Refrigeration"), and Abraham Espinosa (collectively with Abraham Refrigeration, "Defendants"), alleges:

## NATURE OF THE ACTION

    1.    Ysael Espinosa worked between forty-eight hours to fifty-eight hours per workweek as a mechanic and handyman at Abraham Refrigeration but was not paid minimum and overtime wages and spread-of-hours pay. Defendants also failed to provide Espinosa with a wage notice whenever his wage rate changed and with wage statements at the end of each pay period.

    2.    Espinosa brings this action to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Abraham Refrigeration, which is located and operated by Defendants at 480 E. Tremont Ave., Bronx, New York 10457 and 2360 Washington Avenue, Bronx, NY 10458 in the Southern District of New York.

## THE PARTIES

**Plaintiff Ysael Espinosa**

5. Espinosa resides in the Bronx, New York.

6. Defendants employed Espinosa as a mechanic and handyman from approximately January through July 2018.

7. Throughout his employment, Espinosa was an employee engaged in commerce or in the production of goods for commerce.

8. Espinosa is a covered employee within the meaning of the FLSA.

**Corporate Defendants**

9. Defendant Abraham Refrigeration A/C Corp. is a New York corporation that owns, operates, and does business as Abraham Refrigeration, an HVAC and refrigeration supply company located at 480 E. Tremont Ave. Bronx, New York, 10457.

10. Defendant Abraham Refrigeration Corp. is a New York corporation that also owns, operates, and does business as Abraham Refrigeration, an HVAC and refrigeration supply company located at 2360 Washington Avenue, Bronx, NY 10458.

11. Both corporate Defendants (*i.e.*, Abraham Refrigeration A/C Corp. and Abraham Refrigeration Corp.) are owned and operated by Defendant Abraham Perez as a single, joint enterprise that shares all business and employees. Both corporate Defendants are referred to in this Complaint as "Abraham Refrigeration."

12. Upon information and belief, Abraham Refrigeration has been in business since approximately 1992.

13. Abraham Refrigeration has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Within the three years prior to the filing of this Complaint, Abraham Refrigeration has had an annual gross volume of sales in excess of $500,000.

**Defendant Abraham Perez**

15. Defendant Abraham Perez is an owner of both corporate defendants that own and operated as Abraham Refrigeration.

16. Perez is the Chief Executive Officer of Abraham Refrigeration Corp.

17. Throughout Espinosa's employment, Perez had authority over personnel decisions at Abraham Refrigeration, including the power to discipline employees, hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

18. For example, Perez hired Espinosa as a mechanic and handyman at Abraham Refrigeration in January 2018.

19. Perez fired Espinosa in July 2018.

20. Perez set Espinosa's rate of pay.

21. Throughout Espinosa's employment, Perez set Espinosa's weekly work schedule.

22. During this period, Perez handed Espinosa his weekly pay.

23. Perez exercised sufficient control over Abraham Refrigeration's operations to be considered Espinosa's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

24. On its website, Abraham Refrigeration states that it has "lent a hand in the construction of many landmark businesses in the Bronx and Manhattan for over 20 years."[1]

25. Abraham Refrigeration's hours of operation are Monday through Saturday, from 8:30 a.m. to 6:00 p.m.

26. Throughout his employment at Abraham Refrigeration, Espinosa worked a regular schedule of Monday through Saturday, from approximately 8:00 a.m. until he was dismissed, which was at some point between 5:00 p.m. and 7:30 p.m.

27. Espinosa regularly had a twenty-minute break per workday.

28. Espinosa regularly worked over forty hours per workweek, between fifty and sixty-one hours, and at least one shift longer than ten hours, per workweek.

29. With few exceptions, such as the workweek of January 10, 2018, when he was paid $200.00, Espinosa was regularly paid $300.00 per workweek.

30. Throughout his employment, Defendants failed to pay Espinosa one and one-half times his regular hourly wage rate per hour worked over forty per workweek.

31. Throughout this period, Defendants failed to pay Espinosa spread-of-hours wages whenever Espinosa worked shifts that spanned over ten hours in length.

32. For example, for the workweek of February 12 to 17, 2018, Espinosa worked fifty-nine hours.

---

[1] Abraham Refrigeration website, http://www.abrahamrefrigeration.com/about_us (last visited Sept. 27, 2018).

33. Espinosa worked four shifts longer than ten hours in this workweek.

34. For this workweek, Defendants paid Espinosa $300.00, amounting to a regular hourly wage rate of $5.08 (*i.e.*, $300.00 divided by 59 hours worked rounded to nearest cent).

35. For this workweek, Defendants should have paid Espinosa $480.00 for his first forty hours worked (*i.e.*, $12.00 minimum wage rate multiplied by forty hours) and $342.00 for his nineteen overtime hours worked (*i.e.*, $18.00 overtime hourly rate multiplied by nineteen overtime hours), for a gross total of $822.00.

36. For this workweek, Defendants also should have paid Espinosa $48.00 in spread-of-hours pay, equal to four shifts longer than ten hours multiplied by the NYLL minimum wage rate of $12.00.

37. For this workweek, Espinosa is owed $522.00 in unpaid minimum and overtime wages and $48.00 in unpaid spread-of-hours pay.

38. For example, for the workweek of May 1 to 7, 2018, Espinosa worked 60.20 hours.

39. Espinosa worked five shifts longer than ten hours in this workweek.

40. For this workweek, Defendants paid Espinosa $300, amounting to a regular hourly wage rate of $4.98 (*i.e.*, $300.00 divided by 60.20 hours, rounded to the nearest cent).

41. For this workweek, Defendants should have paid Espinosa $480.00 for his first forty hours worked (*i.e.*, $12.00 minimum wage rate multiplied by forty hours) and $363.60 for his 20.20 overtime hours worked (*i.e.*, $18 overtime hourly rate multiplied by 20.20 overtime hours), for a gross total of $843.60.

42. For this workweek, Defendants also should have paid Espinosa $60.00 in spread-of-hours pay, equal to five shifts longer than ten hours multiplied by the NYLL minimum wage rate of $12.00.

43. For this workweek, Espinosa is owed $543.60 in unpaid minimum and overtime wages and $60.00 in unpaid spread-of-hours pay.

44. Defendants did not furnish Espinosa with a wage notice when he was hired or any time thereafter.

45. Throughout his employment, Defendants did not furnish Espinosa with a wage statement with each payment of wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

46. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

48. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

49. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and its supporting federal regulations apply to Defendants.

50. Defendants failed to pay Plaintiff the minimum wages to which he was entitled to under the FLSA.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

52. As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

53. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

54. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

55. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL.

56. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage rate.

57. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

60. Defendants have failed to pay Plaintiff overtime wages to which he was entitled under the FLSA.

61. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

62. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

63. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

64. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate per hour worked in excess of forty.

65. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

66. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

68. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

69. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

70. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting NYDOL regulations, including, but not limited to the Miscellaneous Industry Wage Order, 12 N.Y.C.R.R. §§ 142–2.4, –2.18, –3.4.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law – Failure to Provide Annual Wage Notices)

72. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

73. Defendants failed to furnish Plaintiff with a notice at the time of hiring reflecting his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and anything otherwise required by law in violation of NYLL § 195(1).

74. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

## SEVENTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

75. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76. Defendants failed to furnish Plaintiff, at the end of each pay period, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

77. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. declaring that Defendants violated the minimum and overtime wage provisions of the FLSA, the NYLL, and New York State Department of Labor regulations;

    b. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor regulations;

    c. declaring that Defendants violated the notice and record keeping provisions of the WTPA;

    d. declaring that Defendants' violations of the FLSA and NYLL were willful;

    e. enjoining future violations of the FLSA and NYLL by Defendants;

    f. awarding Plaintiff damages for unpaid minimum and overtime wages and spread-of-hours pay;

    g. awarding Plaintiff liquidated damages pursuant to the FLSA and NYLL;

    h. awarding Plaintiff statutory damages as a result of Defendants' failures to furnish wage notices and to provide wage statements with each payment of wages pursuant to the NYLL;

    i. awarding Plaintiff pre- and post-judgment interest under NYLL;

    j. awarding Plaintiff reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

    k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
     September 27, 2018

               PECHMAN LAW GROUP PLLC

               By: _____
               Louis Pechman
               Gianfranco Cuadra
               488 Madison Avenue, 17th Floor
               New York, New York 10022
               Tel.: (212) 583-9500
               pechman@pechmanlaw.com
               cuadra@pechmanlaw.com
               *Attorneys for Plaintiff*