UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YSAEL ESPINOSA,                                            Docket No. 18-CV-8855 (LGS)

                                    Plaintiff,

                  -against-

ABRAHAM REFRIGERATION A/C CORP. d/b/a
ABRAHAM REFRIGERATION CORPORATION,
ABRAHAM REFRIGERATION CORP., d/b/a
ABRAHAM REFRIGERATION, and
ABRAHAM PEREZ,

                                    Defendants.
-------------------------------------------------------------------X


## DEFENDANT'S PRE-TRIAL MEMORANDUM OF LAW

Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com
*Attorneys for Defendants*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................ *ii*

**PRELIMINARY STATEMENT** ................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................... 1

    I. ABRAHAM REFRIGERATION .............................................................................. 1

    II. ABRAHAM REFRIGERATION'S COMMITMENT TO HELPING NATIVES
OF THE DOMINICAN REPUBLIC .......................................................................... 2

    III. YSAEL ESPINOSA ............................................................................................. 3

**ARGUMENT: PLAINTIFF WAS AN UNPAID INTERN OF DEFENDANTS** ....... 4

   I. NO EXPECTATION OF COMPENSATION ........................................................... 5

   II. TRAINING SIMILAR TO VOCATIONAL SCHOOL ............................................ 6

   III. DURATION OF INTERNSHIP ............................................................................ 7

   IV. PLAINTIFF'S WORK COMPLEMENTS THE WORK OF PAID EMPLOYEES .. 7

**CONCLUSION** ............................................................................................................ 8

# TABLE OF AUTHORITIES

Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016). ................... 4, 5, 6, 7

Vaughn v. Phoenix House Found., Inc., No. 14-CV-3918 (RA), 2019 WL 568012, at *3

(S.D.N.Y. Feb. 12, 2019) ..................................................................................... 5, 8

Velarde v. GW GJ, Inc., 914 F.3d 779, 788 (2d Cir. 2019) ................................... 8

Walling v. Portland Terminal Co. ......................................................................... 4

Defendants, ABRAHAM REFRIGERATION A/C CORP. d/b/a ABRAHAM REFRIGERATION CORPORATION, ABRAHAM REFRIGERATION CORP., d/b/a ABRAHAM REFRIGERATION, and ABRAHAM PEREZ (hereinafter "Defendants"), submit this Pre-Trial Memorandum pursuant to the Court's Scheduling Order dated April. 9, 2019.

## PRELIMINARY STATEMENT

Plaintiff claims he is owed compensation from Defendants because of his time as an employee for Abraham Refrigeration Corp. from January, 2018 until July 19, 2018. However, Defendants explain first, Plaintiff was compensated for any "yard work" he completed and second Plaintiff was a trainee/apprentice, also known as an unpaid intern, regarding the service call duties where plaintiff would shadow Abraham Perez in order to learn the trade.

## STATEMENT OF FACTS

### I.  Abraham Refrigeration

Abraham Perez is the owner and operator of the corporate Defendant Abraham Refrigeration Corporation or Abraham Refrigeration Corp., d/b/a Abraham Refrigeration. Abraham refrigeration is a family-owned business that specializes in HVA/C&R parts and supplies, as well as full Air Conditioning Installations, Service, and Maintenance on all HVAC systems in the greater New York area. Abraham refrigeration has been a community-based enterprise that has lent a hand in the construction of many landmark businesses in the Bronx and Manhattan for over twenty (20) years. From small grocery stores to large franchise supermarkets, Abraham Refrigeration's personal service won the hearts of many entrepreneurs looking for cost effective yet optimal HV A/C services.

Abraham Refrigeration was established in 1992 with one goal in mind, to bring cost effective professional HVAC sales and service to the greater New York City area. For more than

two (2) decades Abraham Refrigeration has found new solutions to old problems and led the way in cost cutting refrigeration solutions for small businesses. Abraham Refrigeration has also introduced the sale of home major appliance repair to bring further savings to homeowners, while still providing great pricing opportunities to our contractor customers. Additionally, Abraham Refrigeration A/C Corp. was incorporated in 2015 and has performed no work. Plaintiff Ysael Espinosa ("Espinosa") never performed any work for Abraham Refrigeration A/C Corp., which was incorrectly named as a Defendant in this case.[1]

## II.    Abraham Refrigeration's commitment to helping natives of the Dominican Republic

Since its founding, Abraham Refrigeration, led by its owner, Abraham Perez ("Perez"), has made special efforts to help younger, inexperienced natives of the Dominican Republic, who were seeking to immigrate to the United States, find work. Perez is a native to the Dominican Republic and has many friends and family members that travel back and forth from the United States and the Dominican Republic, many of whom are seeking to permanently immigrate into and work in the United States.

Over the last twenty (20) plus years, Perez has hired many such young inexperienced natives of the Dominican Republic to teach them the skills of HVAC service and repair. If these individuals had to go to a technical school in the United States to learn the skills taught by Perez to these interns or apprentices, it would cost tens of thousands of dollars. Typically, after training and/or apprenticing at Abraham Refrigeration for three to six months, these individuals move on to higher paying careers in the HVAC field or even open up their own HVAC business. These trainees/apprentices did not displace any regular employees and their work did not expedite

---

[1] All references below to Abraham Refrigeration refer to Abraham Refrigeration Corp./Corporation and not to Abraham Refrigeration A/C Corp.

Abraham Refrigeration's business. The trainees/apprentices did not expect to receive any compensation and would not necessarily be hired upon successful completion of their course of study. The training course of study was similar to one offered by a vocational school. Abraham Refrigeration received no immediate advantage from work done by the trainees.

### III.   Ysael Espinosa

In or about January 2018, Perez was approached by Plaintiff Espinosa's uncle, who had done business with Abraham Refrigeration in the past. In fact, Perez knew a number of Espinosa's family members from the Dominican Republic as well as the United States, including Espinosa's mother. Perez was asked to hire Espinosa because apparently Espinosa had received some training in HVAC work in the Dominican Republic and was interested in pursuing a career in that field. Perez did not have a need to hire a full-time employee, so he agreed to hire Espinosa on a part-time basis whereby he would be treated also as a trainee/apprentice as Abraham Perez had done in the past with others.

Espinosa was hired by Perez on behalf of Abraham Refrigeration on or about January 10, 2018. Throughout his employment, he would spend approximately 20 hours per week, but no more than 23 hours per week, at Abraham Refrigeration's yard at 2360 Washington Avenue, Bronx, New York 10458 engaging in inventory-related tasks and communicating with Perez via text or telephone. For the balance of his week, Espinosa would accompany Perez into the "field" and watch Perez meet customers on service calls and repair/replace HVAC systems in those customer's homes and places of work.

For the "yard work" performed by Espinosa, Abraham Refrigeration paid him $300 a week. For the "service call" related duties, Espinosa was treated as an unpaid intern. The service call related work did not displace any regular employees and did not expedite Abraham Refrigeration's

business. Espinosa should not have expected to receive any compensation for the service call related work and knew that he would not necessarily be hired upon successful completion of his course of study. The training course of study given by Abraham Perez to Espinosa was similar to one offered by a vocational school. Further, Abraham Refrigeration received no immediate advantage from service call related work done by Espinosa. The last day that Espinosa worked at Abraham Refrigeration was July 19, 2018.

### ARGUMENT: Plaintiff was an Unpaid Intern of Defendants

The United States Supreme Court has recognized that unpaid trainees should not be treated as employees, and thus are beyond the reach of the FLSA's minimum wage provision. See Walling v. Portland Terminal Co., 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947). The factors considered by the Walling court were: (i) the interns were not displacing any regular employees and their work did not expedite the employer's business; (ii) they did not expect to receive any compensation and would not necessarily be hired upon successful completion of the course; (iii) training course similar to one offered by a vocational school and (iv) employer received no immediate advantage from work done by the trainees.  See Id.

In addition, most recently the Second Circuit considered the question of whether an unpaid intern qualifies as an employee entitled to compensation under the FLSA. Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016). The Court held that, in assessing the nature of the relationship between an intern and his employer, "the proper question is whether the intern or the employer is the primary beneficiary of the relationship." Id. at 536. This "primary beneficiary test," has "three salient features:" (1) its "focus[ ] on what the intern receives in exchange for his work," (2) its "flexibility to examine the economic reality" of the relationship, and (3) its acknowledgement that the intern-employer relationship is subject to unique considerations in light

of the intern's expected "educational or vocational benefits that are not necessarily expected with all forms of employment." <u>Glatt v. Fox Searchlight Pictures, Inc.</u>, 811 F.3d 528 (2d Cir. 2016); <u>See also Vaughn v. Phoenix House Found., Inc.</u>, No. 14-CV-3918 (RA), 2019 WL 568012, at *3 (S.D.N.Y. Feb. 12, 2019).

The Court in <u>Glatt</u> set out a non-exhaustive set of considerations for whether an individual can qualify as an unpaid intern. <u>Glatt v. Fox Searchlight Pictures, Inc.</u>, 811 F.3d 528 (2d Cir. 2016). The factors include (1) an understanding between intern and employer that there is no expectation of compensation; (2) the extent to which the internship provides training that would be similar to that which would be given in an educational environment including the clinical and other hands on training provided by educational institutions; (3) whether it is tied to the intern's formal education program by integrated coursework or receipt of academic credit; (4) internship accommodates the intern's academic commitments by corresponding to academic calendar; (5) internship duration is limited to the period in which the internship provides the intern with beneficial learning; (6) the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern; and (7) understanding that the internship is conducted without entitlement to a paid job at the conclusion of the internship. <u>Id</u>. The New York Department of Labor as well as United States Department of Labor have issued a fact sheet explaining the seven factors outlined in <u>Glatt</u>.

Plaintiff argues under the <u>Glatt</u> factors Plaintiff was not an intern. However, for the foregoing reasons Plaintiff was considered an unpaid intern under <u>Glatt</u>.

## I.     No Expectation of Compensation

The first factor is, "the extent to which the intern and the employer clearly understand

that there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee—and vice versa." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 536–37 (2d Cir. 2016). Here, although Plaintiff was paid $300 per week that money was for Plaintiff's time spent in the yard not for his time on service calls learning the trade from Perez. As to the "yard work," Defendants paid Plaintiff at or more than the minimum wage and no overtime wages were earned as required pursuant to the above provisions because he was paid $300 a week for less than 23 hours of work. As to the "service call" related work, Plaintiff was not an employee under the FLSA and therefore, Espinosa should not have expected to receive any compensation for the service call related work.

Additionally, Defendants made Plaintiff aware they were not in a position to hire a new employee rather decided to train Plaintiff as a favor to the Plaintiff's family.

## II.    Training Similar to Vocational School

The second factor is "[t]he extent to which the internship provides training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions." Id. Here, Plaintiff argues it is not an internship because of the work done in the yard when customers came to buy and sell items. However, Defendants did pay Plaintiff for the work in the yard and the internship was the service call experience. The skill plaintiff learned while on the service calls with Perez provided training similar to that received in a vocational school. Furthermore, the skills learned while on service calls will help Plaintiff in future employment and are not specific to working for Defendant. See NYDOL Fact Sheet: Wage Requirements for Interns in For-Profit Businesses.

The third factor is the "extent to which the internship is tied to the intern's formal education program by integrated coursework or the receipt of academic credit." and the fourth factor is the

"extent to which the internship accommodates the intern's academic commitments by corresponding to the academic calendar. Id. Although here, Plaintiff's position as an apprentice was not tied to any formal education the Second Circuit said "[a]pplying these considerations requires weighing and balancing all of the circumstances. No one factor is dispositive and every factor need not point in the same direction for the court to conclude that the intern is not an employee entitled to the minimum wage." Id.

### III.      Duration of the Internship

The fifth factor is the "extent to which the internship's duration is limited to the period in which the internship provides the intern with beneficial learning" and the seventh factor is the "extent to which the intern and the employer understand that the internship is conducted without entitlement to a paid job at the conclusion of the internship." Id.  Espinosa should not have expected to receive any compensation for the service call related work and knew that he would not necessarily be hired upon successful completion of his course of study. When Plaintiff left Abraham Refrigeration he was still learning the trade. Defendant has in the past took on apprentices and trainees whom he taught until they learned the trade and they then went on to work for other businesses or start their own business. Further, Plaintiff was aware that Perez was helping him out and teaching him as a favor to the family.

### IV.      Plaintiff's Work Complements the Work of Paid Employees

The sixth factor considers the "extent to which the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern." Id. The service call related work did not displace any regular employees and did not expedite Abraham Refrigeration's business Plaintiff went on service calls with either Perez or an employee of Abraham Refrigeration. Plaintiff was there to learn how the employee did the job.

The Second Circuit in <u>Velarde v. GW GJ, Inc.</u>, explained because the "cosmetology student" who performed unpaid work at a salon—conducted his work "under the watchful eye of its industry experienced educators," the fact that he was "otherwise useful or productive to the Academy did not render him its employee." 914 F.3d 779, 788 (2d Cir. 2019); <u>see also</u> <u>Vaughn v. Phoenix House Found., Inc.</u>, No. 14-CV-3918 (RA), 2019 WL 568012, at *6 (S.D.N.Y. Feb. 12, 2019). Plaintiff claims there is no "significant educational benefit" here however, the Plaintiff in fact did learn skills as a trainee to help with future employment in the field.

In sum, the factors as a whole lend themselves to show first, that the internship test is relevant and second, the primary beneficiary of the relationship was in fact Plaintiff.

## CONCLUSION

The undisputed evidence, coupled with additional evidence to be elicited at trial, will establish that Plaintiff was not an employee with regards to service calls and was merely an unpaid intern. Plaintiff was paid for the hours worked in the yard and therefore Plaintiff is not entitled to recovery.

Dated:  May 20, 2019
         Glen Cove, New York

Respectfully submitted,

_____
Adam C. Weiss
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com
*Attorneys for Defendants*