UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YSAEL ESPINOSA,                                              Docket No. 18-CV-8855 (LGS)

                            Plaintiff,

        -against-

ABRAHAM REFRIGERATION CORP., d/b/a
ABRAHAM REFRIGERATION, and
ABRAHAM PEREZ,

                            Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ......................................................................................1

**ARGUMENT**..................................................................................................................1

**I. A DOWNWARD ADJUSTMENT TO THE LODESTAR AMOUNT IS WARRANTED**..................................................................................................................2

    **1. The Hourly Rates and Hours Expended by the Pechman Law Group Were Unreasonable**..................................................................................................2

        **a. PLG's unnecessary litigation cost its client even more than trial was worth**..................................................................................................................3
        **b. The hourly rates for associates with minimal experience and work are unreasonable**................................................................................................4
            **i. Evidence of what PLG's defense clients pay is not a valid excuse in charging a refrigeration mechanic for minimum wage claims**..................................................................................................7
            **ii. The Wolters Kluwer Real Rates Report is vague and does not adequately convey any binding fee arrangement upon the court**..................................................................................................8

    **2. Plaintiff's Overlitigation Strategies Do No Warrant Such High Fees**..........9

        **a. Plaintiff's motion in limine was wasteful, made in bad faith, and ultimately denied**....................................................................................9
        **b. There is no novel or complex issue in this litigation**............................9

**II. DEFENDANTS ATTEMPTED TO NEGOTIATE IN GOOD FAITH TO RESOLVE THIS MATTER**........................................................................................10

**CONCLUSION**............................................................................................................12

Defendants, ABRAHAM REFRIGERATION CORP., d/b/a ABRAHAM REFRIGERATION, and ABRAHAM PEREZ (hereinafter "Defendants")[1], submit this Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (the "Application").

## PRELIMINARY STATEMENT

Plaintiff claims the Pechman Law Group ("PLG") is owed $78,970.25 as "reasonable" attorney's fees and costs from Defendants in addition to the $40,833.94 plus prejudgment interest from April 17, 2018 to July 1, 2019 which was awarded to Plaintiff by this Court on July 1, 2019 for wages owed pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The requested amount for attorney's fees and costs is extraordinarily unreasonable and therefore should be reduced to ensure fairness and that the "punishment fits the crime."

Plaintiff's application should be substantially reduced because: (1) Plaintiff's fees are excessive and inconsistent with reasonable rates paid to similarly-experienced lawyers in the legal community, (2) the hours expended are excessive, unreasonable, and duplicative in light of the simple nature of this case, and (3) Defendants' attempts to resolve the matter reasonably and amicably were stymied by Plaintiff's unnecessarily high settlement requests based on its overvaluation of the case.

Accordingly, Plaintiff's attorney's fees application should be dramatically reduced.

## ARGUMENT

Plaintiff's request for attorney's fees should be dramatically reduced because they are excessive and unrecoverable fees. 42 U.S.C. Section 1988, New York City Administrative Code

---

[1] Abraham Refrigeration A/C Corp. was dismissed from this action by the Court's July 1, 2019 Order, so this fee application only involves these two remaining defendants.

1

Section 8-502(t), and NYLL Section 198.1-a provide only for awards of "reasonable attorney's fees to be paid by defendant. In determining the amount of reasonable attorney's fees to award, the Court must apply a two-prong analysis. *Nam Yang v. ABCL Corp.*, No. 04 Civ. 8987 (LBS), 2006 WL 435720, at 1 (S.D.N.Y. Feb. 22, 2006). The Court may first determine the lodestar amount, by multiplying the reasonable hourly rate for each participating attorney by the reasonable number of hours expended, and then use its discretion to decrease or increase the amount based on the circumstances of the case. *Tlacoapa v. Carregal*, 386 F. Supp.2d 362, 369 (SD.N.Y. 2005); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Greenbaum v. Svenska Handelsbanken*, 998 F.Supp.301, 303 (S.D.NY. 1998) ("The district court is afforded broad discretion in assessing a reasonable fee award based on the circumstances of the case."). "In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). As a fee applicant, Plaintiff bears the burden of proving the reasonableness of the fees and costs he claims here. *Savoie v. Merchants Bank*, 166 P.3d 456, 462 (2d Cir. 1999).

As set forth herein, Plaintiff's determination of reasonable fees is unreasonable and unrecoverable, warranting a substantial decrease in the Court's award of fees.

## I. A DOWNWARD ADJUSTMENT TO THE LODESTAR AMOUNT IS WARRANTED

**1. The Hourly Rates and Hours Expended by the Pechman Law Group Were Unreasonable**

The Second Circuit has held that in determining the amount recoverable as attorneys' fees, "courts must consider (1) the number of hours actually spent by counsel and other personnel 'that are deemed reasonably necessary to a successful outcome for the client,' and (2) a reasonable hourly rate for counsel." *Torres v. Gristede's Operating Corp.*, No. 4 Civ. 3316

2

(PAC), 2012 WL 3878814, at *1 (S.D.N.Y. Aug. 6, 2010), *aff'd*, 519 Fed. App'x. 1 (2d Cir. 2013). The Court has also held that "all the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

**a. PLG's unnecessary litigation cost its client even more than trial was worth.**

First, this case was a simple wage and hour case. A single plaintiff, who was allegedly employed by Defendants for approximately six months, alleged he was underpaid. Defendants asserted that Plaintiff was not underpaid because he qualified as an unpaid intern under law. The case turned out to be even more simple and straightforward. In total, 83 pages of total discovery were exchanged, one boilerplate complaint, one set of boilerplate discovery requests, two depositions, one half-hour court conference, no motions (excluding the unnecessary and overvalued motion in limine filed by Plaintiff), no discovery motions, no dispositive motions, and ultimately a four-hour bench trial. Bearing in mind that Defendants operated a small family-owned business, Defendants' counsel completed his client's entire defense in under 30 hours of work with the same discovery and research afforded to Plaintiff. Plaintiff spent more than half those fees on this motion for attorney's fees and costs alone than Defendants' counsel did on the entire case. Indeed, Plaintiff's motion for fees cost their client $5,620 following a bench trial. Defendants incurred attorney's fees of $10,000 on this entire case.

This Court has consistently reduced hourly fees for attorneys when such wage and hour cases are "relatively straightforward." *Galeana v. Lemongrass on Broadway Corp.,* 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014); (citing *Angamarca v. Pita Grill 7 Inc.,* 2012 WL 3578781, at *13 (S.D.N.Y. Aug. 2, 2012) (awarding Mr. Faillace his requested hourly rate of $450, but reducing

3

attorney's fees overall by 15% in light of the straightforward substance and procedure of the case)). Consistent with *Torres*, this Court should find that 193.5 hours was not necessary to ensure a successful outcome for a very simple and straightforward single-plaintiff, minimum wage, and overtime pay case. 2012 WL 3878814, at *1.

In the case at bar, PLG, a firm that touts itself as experts in wage and hour litigation with hundreds of similar cases, billed ridiculously excessive time to complete regular and ordinary litigation tasks:

- 3.9 hours on drafting interrogatories
- 6.5 hours drafting responses and objections
- 4.7 hours reviewing and drafting the affidavit of Marisol Espinosa, which was not offered as evidence at trial, and who ultimately was not called as a witness to trial
- 7.8 hours for the denied motion in limine to preclude Defendants from calling other witnesses to trial
- 19.5 hours drafting a pretrial memorandum of law
- 3.4 hours attending the pretrial settlement conference
- 15.7 hours for two attorneys to attend a 4-hour bench trial
- 8.1 hours drafting court ordered post-trial summary
- 13.2 hours drafting application for attorney's fees and costs

Therefore, considering these plainly excessive time entries, the Court should substantially reduce the billable hours awarded to Plaintiff's firm.

**b. The hourly rates for associates with minimal experience and work are unreasonable.**

Second, Defendants dispute the hourly rate for Mr. Pechman and his associates as unreasonable and unwarranted. The Supreme Court held in *Hensley* that because "[t]he district court ... should exclude from [its] fee calculation hours that were not 'reasonably expended[,]'" the court should consider "[c]ases that may be overstaffed, and the skill and experience of lawyers vary widely." 461 U.S. at 434. The Court held that while success of a Plaintiff's case is important to the extent of awarding attorney's fees, the analysis does not end there. The Supreme Court warned lower courts to consider the actual amount resulting from a plaintiff's "billing

4

judgment" which may be reviewed at the district court's discretion given its superior understanding of the litigation and factual issues involved. *Id*. at 437. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id*. at 434. (citing *Copeland v. Marshall,* 205 U.S. App. D.C. 390, 401 (1980)).

Despite presumably many past fees applications and awards, PLG did not cite one court decision or case in which it was awarded the rates they seek here for Mr. Pechman, Mr. Cuadra, or Ms. Marquez. In fact, the Plaintiff only cites caselaw regarding the court's acceptance of similar rates for experienced labor and employment attorneys at big law firms such as Littler Mendelson, P.C. and Epstein, Becker & Green. PLG fails to cite cases where attorneys with similar experience to Mr. Cuadra or Ms. Marquez were granted fees at the rates which they seek here. In addition, Plaintiff did not provide a copy of the retainer agreement to show what Plaintiff agreed to pay. Both associates assigned to this case allegedly bill $400 per hour, but according to the Plaintiff's declaration, they have extraordinarily different experience, especially with regards to labor and employment litigation. PLG states that it considers its associates, Mr. Gianfranco J. Cuadra, Esq. a tenth-year associate and Ms. Lillian M. Marquez, Esq. an eighth-year associate, apparently based on their law school graduation years rather than relevant experience. Pechman Decl. ¶38-39. Defendants assert that the experiences of these associates do not warrant the hourly rates and hours billed pertaining to a simple minimum wage and overtime case.

Mr. Cuadra is considered a tenth-year associate at PLG and requests an award at a rate of $400.00. Pechman Decl. ¶38. He has been performing legal work on employment matters since he arrived at PLG in March of 2015, approximately 4.5 years ago. *Id*. In *Boutros v. JTC Painting and Decorating Corp*, this Court approved the rate of $250.00 per hour for associates who had between three- and six-years' experience. 2014 WL 3915281, *7, (S.D.N.Y. Aug. 8, 2014).

Should the court determine that the year of an associate's graduation is the year which qualifies the experience of a wage and hour litigator, "courts in this district have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience." *Black v. Nunwood Inc.*, 2015 WL 1958917, *6 (S.D.N.Y. Apr. 30, 2015); *see also Adorno v. Port Authority of New York & New Jersey*, 685 F. Supp. 2d 507, 513-14 (S.D.N.Y. 2010) (finding that the range of fees in this District for civil rights and employment litigators with approximately ten years of experience is between $250 per hour and $350 per hour). Essentially, the rate of $400 per hour has been typically awarded to attorneys with far greater experience than Mr. Cuadra has. *See Dancy v. McGinley*, 141 F. Supp. 3d 231, 238 (S.D.N.Y. Sept. 21, 2015) (awarding a civil rights litigator with sixteen years of experience a rate of $400 per hour); *Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 509 (S.D.N.Y. 2017) (awarding a civil rights attorney with twenty-five years of experience an initial rate of $390 per hour, which was subsequently raised to $400 per hour). For the foregoing reasons, Defendants request that the Court substantially reduce the rate awarded to Mr. Cuadra in his performance on this matter.

Equally as high a rate as Mr. Cuadra, Ms. Marquez, who has only been working at PLG for three years, having seen only three wage and hour cases go to trial prior to Plaintiff's case, requests the same fee of $400.00. In fact, as Plaintiff explains, she entered the case (with only three years of employment law experience), only when PLG decided the case was "likely to proceed to trial," a trial which Plaintiff adamantly alleges it did not want. Pechman Decl. ¶19. *See Richards v. New York City Bd. Of Educ.*, No. 83 Civ. 7621 (CBM), 1988 U.S. Dist. LEXIS 6121, at *14-15 (S.D.N.Y. June 23, 1988) (holding that fee shifting statutes "were not designed as a form of economic relief to improve the financial lot of attorneys"). Defendants request that this Court substantially reduce the rate awarded to Ms. Marquez because PLG added a second

attorney solely after pushing this case to trial after failing to negotiate a settlement in good faith *and* required that their client (now mine) pay her the same rate of a more experienced attorney. The hours billed by Ms. Marquez is nothing short of unreasonable overstaffing.

Therefore, Defendants urge this Court to find the experience and rates which vary between the associates assigned to this simple and straightforward wage and hour bench trial as unreasonable hour expenditure, resulting in excessive and duplicative fees.

### i. Evidence of what PLG's defense clients pay is not a valid excuse in charging a refrigeration mechanic for minimum wage claims.

Plaintiff argues that the rates actually paid by defense clients who pay hourly rates is the "best" evidence of its reasonable hourly rates because low-income clients like Mr. Ysael Espinosa, usually agree to cases on a contingency basis. However, Plaintiff does not state that such an assertion was made clear to his own client. Plaintiff claims that his client agreed to whatever arrangement would give his lawyers more money, probably unaware that it would be more than what Plaintiff could win at all. More importantly, Plaintiff did not provide a copy of the relevant retainer agreement which may clarify what its client understood for a minimum wage case like this.

Assuming Plaintiff's unawareness of agreeing to a bill that could amount to nearly $80,000 for a case worth $15,446.47 is unnecessary, Defendants assert that Plaintiff's caselaw reliance is flawed and does not support its claims. Plaintiff offers *Orient Overseas Container*, a maritime case concerning the Carriage of Goods by Sea Act to support the fact that they reasonably use their high defense-client's billable rates for low-income plaintiffs' bills. *Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ. 3166 (PGG) (GWG), 2012 WL 6720615, at *9 (S.D.N.Y. Dec. 28, 2012). However, not only is that case entirely incomparable to this case, but the quote directly cites another case which explains that "the rate an attorney

7

charges paying clients is not necessarily the rate which should be compensated ... because the services required by nonpaying clients may well differ from those required by paying clients." *Wilder v. Bernstein*, 725 F. Supp. 1324, 1335 (S.D.N.Y. 1989), rev'd, 944 F.2d 1028 (2d Cir. 1991), *opinion vacated on reh'g,* 965 F.2d 1196 (2d Cir. 1992) (vacating all fees awarded to attorneys and ordering that parties pay their own fees); *see also McCann v. Coughlin,* 698 F.2d 112, 130 (2d Cir.1983). Therefore, PLG's assumption that its expectation of fees from a "nonpaying client," such as a low-income plaintiff seeking minimum wage and overtime pay, does not give rise to any presumption that whatever its "paying clients" can afford is a reasonable fee and particularly those that are Fortune 100 companies!

### ii. The Wolters Kluwer Real Rates Report is vague and does not adequately convey any binding fee arrangement upon the court.

Additionally, in support of its unreasonable rates, PLG tries to use the median quartile range of fees from *2018 Wolters Kluwer Real Rates Report thru September 2018* to explain how great of a deal their clients get by paying PLG's associates $400 per hour. Pechman Decl. ¶43. Assuming *arguendo* this report is even binding upon a finding of fees which Plaintiff desires, which it is not, Plaintiff ultimately fails to provide the explanations set forth within that report which would should how those numbers are calculated. For instance, one of the factors in determining the rates of labor and employment litigators includes not only relevant experience, but also the size of the firm. According to PLG's website, Plaintiff's firm has a total of seven (7) attorneys and three (3) other professionals. Certainly, the Court cannot be persuaded that a firm of 10 people expects clients seeking minimum wage to pay the "average" billing rates of firms which have the experience, resources, and manpower of a firm with over 50 or even 100 labor and employment litigators.

Without an explanation of the determination of rates which Wolters Kluwer considers a "Median Quartile," which Plaintiff asserts its rates should be considered, Plaintiff's arguments fall flat.

**2. Plaintiff's Overlitigation Strategies Do Not Warrant Such High Fees**

**a. Plaintiff's motion in limine was wasteful, made in bad faith, and ultimately denied.**

Plaintiff claims that on or about April 25 to April 26, 2019, it billed upwards of $3,120.00 for a motion in limine requesting that Defendants could not call any other witness except Mr. Abraham Perez at trial. Pechman Decl. ¶15. From its Rule 26 Disclosures to the eve of trial, never once did Defendants ever intend or even convey the possibility that they would call any other witnesses at trial. If Plaintiff still needed added assurance that no other witnesses were going to be called, Plaintiff could easily have picked up the phone or sent an email to inquire if Defendants intended to bring any other witnesses. In other words, if PLG had made an inch of effort to determine whether this motion was necessary including a phone call or an email, they would have been informed by Defendants that they did not intend to bring any other witnesses to trial and therefore would not have unnecessarily billed its client or, as sought here, this small family-owned business. In response to the wasteful motion, Defendants reconfirmed that Abraham Perez would be their only witness and, ultimately, the Court agreed and denied Plaintiff's motion. Therefore, this motion was denied, and its expenses were excessive and unreasonable; awards of this fee would constitute nothing but windfall on Plaintiff's attorneys. As such, this expense of $3,120 for this unnecessary motion in limine should be severed from any award granted to Plaintiff.

**b. There is no novel or complex issue in this litigation.**

9

Plaintiff contends that under the *Johnson* factors, this case raised a novel and complex issue which constitutes excessive and high fees. See *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Plaintiff argues that Defendants' defense that Plaintiff was not entitled to minimum wage as an unpaid intern is such a novel issue.

The defense of the unpaid intern exception under law has been litigated countless times and is far from novel or complex, or an issue of first impression. Indeed, the seminal case on this issue *Glatt v. Fox Searchlight Pictures,* 811 F.3d 528 (2d Cir. 2016) was decided in 2016 and the simple primary beneficiary test articulated by the Court survives to this day. Given the available caselaw in this circuit alone, in addition to the experience of PLG in the field of labor and employment, this Court cannot find that this defense raised a novel or complex issue for litigation which warrants unreasonable hours or rates. See *Mark v. Gawker Media LLC*, 2016 WL 1271062 at *8 (S.D.N.Y. Mar. 29, 2016); *Walling v. Portland Terminal*, 330 U.S. 148 (1947); *Xuedan Wang v. Hearst Corp.*, 877 F.3d 69 (2d Cir. 2017). It's also relevant that not only is this caselaw well-documented and available to Plaintiff, the Plaintiff's Exhibit 1 established that PLG spent only two hours researching this defense. Plaintiff's Ex. 1, pp. 4; 8. In short, even if this issue was novel or complex (which it isn't), it still only took Plaintiff's counsel two hours to fully research it.

## II. DEFENDANTS ATTEMTPED TO NEGOTIATE IN GOOD FAITH TO RESOLVE THIS MATTER

As explained above, Plaintiff dramatically overvalued his case and unnecessarily billed hours for a simple wage and hour case. Defendants deserve to put forth a defense on the merits without being coerced to accept a settlement 100 cents on the dollar or be forced to litigate and incur fees way beyond the reasonable value of the case. Plaintiff argues that Defendants "forced" Plaintiff to trial by not settling the case. However, this goes against statements made by

Plaintiff in his declaration. Plaintiff claims that settlement discussions took place throughout April and well into May. Pechman Decl. ¶15-16. "Although offers to settle a claim and statements made during settlement negotiations regarding a claim are not admissible to establish 'liability for, invalidity of, or amount of' that claim, evidence of settlement negotiations may, in a district court's discretion, be admitted if offered for 'another purpose,' pursuant to Federal Rule of Evidence 408." *Wright v. City of New York*, 283 F. Supp. 3d 98, 104, 2017 WL 4797924 (S.D.N.Y. 2017).

On May 7, 2019, Plaintiff offered to settle this wage and hour case, where Plaintiff's unpaid wages amounted to $15,446.47, for $22,500, with a down-payment of $10,500 and four monthly payment installments. On May 13, 2019, Defendants agreed to pay $22,500, but due to his financial limitations requested to make a down-payment of $5,000 and five monthly installments. After what appears to be a thorough 12-minute phone call with counsel on May 14, Plaintiff rejected Defendants' offer and claimed that due to the extraneous work that counsel put into the case within the prior six days, the new price of settling was $39,000. Plaintiff's Exhibit 1. According to the same document, PLG miraculously billed an additional $11,840 over these six days. $11,840 plus the $22,500 which Defendants agreed to pay, amounts to $34,390 and not the grandiose request of $39,000. Without further explanation as to how Plaintiff demanded such an excessive settlement request, Defendants have established that the final settlement request was nothing more than an attempt to upset, frustrate, and profit off Defendants' already limited finances while dragging Defendants to the Courthouse. If Plaintiff properly evaluated his case in good faith and made a reasonable demand, excessive hours of billings would have been eliminated from his bill and mine, and the case would never have gone to trial.

Plaintiff is fully aware that Defendants are a small family-owned business, not a Fortune 500 company. It would be a sad state of the court system to allow a firm with greater means to bully a small family-owned company into a settlement because they cannot afford the costs of litigation while Defendants' counsel kept the costs reasonable in order to allow Defendants' their day in court.  Plaintiff won fair and square, but Defendants strongly question whether the award requested by Plaintiff's counsel is just or equitable. A resounding "no" is easy to hear. With all due respect, it appears PLG was more interested in "winning" their own fees than acting in the best interest of their client in reaching a fair settlement. Seeking attorney's fees amounting to twice the amount awarded to their client, and almost five times the amount of owed wages which the case worth, does not further the aims of the FLSA when Plaintiff's lawyer would be the biggest "winner" here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for attorney's fees and costs be dramatically reduced.

Dated: August 16, 2019
      Glen Cove, New York

Respectfully submitted,

_____
Adam C. Weiss
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com
*Attorneys for Defendants*