UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YSAEL ESPINOSA,                                              Docket No. 18-CV-8855 (LGS)

                Plaintiff,

      -against-

ABRAHAM REFRIGERATION CORP., d/b/a         **DECLARATION OF**
ABRAHAM REFRIGERATION, and                 **ADAM C. WEISS, ESQ.**
ABRAHAM PEREZ,

                Defendants.
------------------------------------------------------------------X

**ADAM C. WEISS, ESQ.** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I make this Declaration in opposition to Plaintiff's fee application

2. For the reasons stated herein and those in the accompanying Memorandum of Law, Plaintiff's requested fees should be drastically reduced.

3. This was a simple case involving a single plaintiff, who was allegedly employed by Defendants for approximately six months, who alleged he was underpaid.

4. Defendants asserted that Plaintiff was not underpaid because he qualified as an unpaid intern under law.

5. In total, 83 pages of total discovery were exchanged, one boilerplate complaint, one set of boilerplate discovery requests, two depositions, one half-hour court conference, no motions (excluding the unnecessary and overvalued motion in limine filed by Plaintiff), no discovery motions, no dispositive motions, and ultimately a four-hour bench trial.

6. Bearing in mind that Defendants operated a small family-owned business, Defendants' counsel completed his client's entire defense in under 30 hours of work with the same discovery and research afforded to Plaintiff.

7. At the outset of this case, I accepted a $5000 retainer payment to be credited towards hours worked at a rate of $350 per hour.

8. I graduated St. John's University School of Law in 2002, was admitted to the New York Bar and this Court in 2003, and have worked my entire career in the field of labor and employment, including several years as an associate with Littler Mendelson, among the largest labor and employment law firms in the country.

9. Prior to trial, Defendants agreed to pay me an additional $5000 (for a grand total of $10,000), with the understanding those fees would cover the pre-trial, trial and post-trial motions.

10. Plaintiff spent more than half the fees I charged my client for the entire case on this motion for attorney's fees and costs alone.

11. Indeed, Plaintiff requests $5,620 for this motion.

12. I kept the costs reasonable in this case because I believe that every client has a right to defend themselves without being bullied by economics alone into a settlement and, if they so choose, they also deserve their day in court.

13. In terms of settlement discussions, after days/weeks of negotiations, on May 7, 2019, Plaintiff made a demand to settle this wage and hour case, where Plaintiff's unpaid wages amounted to $15,446.47, for $22,500, with a down-payment of $10,500 and four monthly payment installments.

14. On May 13, 2019, Defendants countered with an offer to meet the $22,500 figure, but due to his financial limitations, requested to make a down-payment of $5,000 and five monthly installments.

15. Plaintiff rejected this offer and claimed that due to the extraneous work that counsel put into the case within the last six days, the new price of settling was $39,000.

16. PLG appeared to have billed an additional $11,840 over these six days.

17. It should be noted that $11,840 plus the $22,500 which Defendant agreed to pay, amounts to $34,390 and not $39,000.

18. It is believed that the final settlement request was nothing more than an attempt to upset, frustrate, and profit off Defendants' already limited finances while intentionally dragging Defendants to the Courthouse.

19. If Plaintiff properly evaluated their case in good faith and made a reasonable demand, excessive hours of billings would have been eliminated from their client's bill and mine, and the case would never have gone to trial.

20. In conclusion, the fee award should be a small fraction of what Plaintiff requests.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Glen Cove, New York on August 15, 2019.

_____
Adam C. Weiss, Esq.