UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
YSAEL ESPINOSA,                                    :
                                                   :
                         Plaintiff,                :
                                                   :
         -against-                                 :    **18 Civ. 8855 (LGS) (SN)**
                                                   :
ABRAHAM REFRIGERATION CORP. d/b/a                  :
ABRAHAM REFRIGERATION and ABRAHAM                  :
PEREZ,                                             :
                                                   :
                         Defendants.               :
------------------------------------------------------------------ X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Gianfranco J. Cuadra
Lillian Marquez
Louis Pechman
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500

*Attorneys for Plaintiff Ysael Espinosa*

Plaintiff Ysael Espinosa submits this Memorandum of Law in Further Support of his Application for Attorneys' Fees and Costs (ECF No. 50 (the "Application")) and in reply to Defendants' Opposition to the Application (Opp'n, ECF Nos. 52–53).  For the reasons set forth in the Application and below, the Application should be granted in its entirety.

## ARGUMENT

### I. The Number of Hours Spent Responding to Defendants' Frivolous Defense Is Reasonable

Defendants' general attack as to the time billed by Plaintiff's counsel ignores the role their own litigation tactics played in ratcheting up counsel's fees.  While thirty hours of defense work may have been the limit of Defendants' appetite—work that ultimately resulted in a judgment against Defendants in all respects—Plaintiff's counsel performed what work was actually necessary to prosecute the case and defend against Defendants' frivolous defense that Plaintiff was an exempt intern.

As detailed in the Application, many hours were expended in this case to pursue discovery Defendants failed to timely produce and debunk evidence Defendants put forth in support of its bogus intern defense.  Application at 14–16.  Initially, Defendants produced an unsigned, typed letter in English purportedly authored by Plaintiff's mother, Dr. Marisol Espinosa, a Spanish-only speaker, conveniently stating that Plaintiff worked for Defendants to learn as an intern.[1]  Only near the close of discovery was a signed version of the letter provided.  To expose the letter as a fraud, Plaintiff had to investigate its origins and obtain an affidavit from Dr. Espinosa declaring that Defendants' letter had been written for her, was not completely translated to her, and

---

[1] The letter can be found at ECF No. 39–10.  If necessary, counsel can also file it again with the Court.

was inaccurate except for the fact that Plaintiff was hired as a favor to his mother. Defendants argue that the affidavit was unnecessary because it was not admitted, Opp'n at 4, but that belies the reality that the affidavit likely dissuaded Defendants from presenting the fraudulent letter at trial, thus mooting the need for the affidavit as evidence. Defendants' objections to the reasonableness of the time spent on these matters must be rejected. *See Gortat v. Capala Bros.*, 621 Fed. App'x. 19, 23 (2d Cir. 2015) (affirming fee award that was unusually high and exceeded merits award because "this result was attributable primarily to the Defendants' litigation tactics").

To the extent Defendants argue Plaintiff overstaffed the case by assigning two attorneys to the trial, no case law supports their position. To the contrary, courts typically approve fees for up to two attorneys at court appearances. *Houston v. Cotter*, 234 F. Supp. 3d 392, 407 (E.D.N.Y. 2017). Adding another attorney only to help handle the increased workload that comes with trial and to assist with a half-day trial is not excessive but prudent. *Cf. id.* (cutting attorneys' fees due to overstaffing where four attorneys attended eight days of trial and billed 1,000 hours at trial alone). As to the other tasks Defendants challenge as excessively long, Defendants fail to cite case law supporting a reduction of the time spent for those tasks. Accordingly, the time spent by Plaintiffs' counsel was reasonable.

**II.   Defendants Fail to Undermine the Reasonableness of the Rates Requested**

In questioning the reasonableness of the rates billed by Plaintiff's counsel, Defendants fundamentally misconstrue the applicable test to determine the "reasonable rate." Specifically, they argue that the rates requested could not be paid by "low-income clients" like Plaintiff. Opp'n at 7. To be clear, there is no consideration given to a specific client's ability to afford attorney's fees. *Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ. 3166 (PGG) (GWG), 2012 WL 6720615, at *9 (S.D.N.Y. Dec. 28, 2012) ("[C]ase

2

law notes that '[t]he appropriate measure is the market rate for [the attorney's] services by clients who can afford them, not [the] client's perceived ability to pay.'"). It is therefore entirely appropriate for the Court to consider the rates paid by Pechman Law Group's ("PLG") hourly-paying clients to determine the prevailing market rate, as well as those paid to similarly experienced New York City attorneys. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections* ("*Arbor Hill*"), 522 F.3d 182, 190 (2d Cir. 2008) (considering the prevailing market rate in the relevant geographic area and a number of other factors unrelated the financial resources of any of the parties to the case in determining the "reasonable rate").

In light of the prevailing market rates amongst both plaintiff-side and management attorneys, which Defendants completely ignore, PLG's rates are reasonable. Defendants do not specifically challenge the rates charged by Mr. Pechman. *See generally* Opp'n. Although there is no decision awarding Mr. Cuadra and Ms. Marquez the rates requested here, as argued in the Application, courts considering their rates have failed to consider PLG's customary hourly rates. *See* Application at 4; *see, e.g.*, *Eren v. Gulluoglu*, No. 15 Civ. 4083, Dkt. No. 73 (E.D.N.Y. Aug. 28, 2018). When properly considered, these customary hourly rates, which are "strong evidence of what the market will bear," *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008), justify the associate rates sought.

Defendants also confuse another factor in determining the reasonable rate: assessing the degree of "novelty or difficulty of the questions" involved in the case. *Arbor Hill*, 522 F.3d at 186 n.3 (internal citation omitted). Although the Second Circuit has already created a multi-factor test for determining whether a worker is an unpaid intern, Defendants raised a somewhat novel (albeit meritless) legal theory that an employee who was in fact paid and performed non-exempt yard work was nevertheless an "unpaid

3

intern" within the framework of the Second Circuit's test as it related to his service-call work. This factor, while not conclusive, nevertheless supports the rates requested.

### III. Plaintiff Negotiated in Good Faith and Appropriately Prosecuted His Case to Trial

Defendants improperly disclose confidential settlement demands in an effort to challenge the reasonableness of counsel's fee. Opp'n at 10–12; Decl. of Adam Weiss ¶¶ 13–15. Rule 408 prohibits the reliance on settlement offers in Court with few exceptions not applicable here. *See Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205, 2012 WL 1624291, at *19–21 (E.D.N.Y. Apr. 30, 2012) (deeming "defendant's reference to the settlement discussions and amounts offered [a]s inappropriate" per FRE 408's prohibition). Even were the Court to consider the specifics of the parties' settlement negotiations, "[a]bsent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an appropriate fee award.'" *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir.1992) (quoting *Cowan v. Prudential Ins. Co. of Am.*, 728 F. Supp. 87, 92 (D. Conn. 1990) (stating that "[a] rule giving trial judges discretion to deny [attorney's] fees where the refusal of an offer is shown after the fact to have been unwise might well lead to very uneven results and even misuse in cases in which judges become involved in settlement negotiations")), *rev'd on other grounds*, 935 F.2d 522 (2d Cir. 1991). That is so even where the defendant's offer was greater than the jury's award. *Siracuse*, 2012 WL 1624291, at *19–21 ("Similarly, defendant has failed to provide any support for the novel argument that plaintiff should be denied fees because, in defendant's view, plaintiff's counsel acted unreasonably in failing to accept defendant's settlement offer.").

There has been no showing of bad faith here. Plaintiff's counsel has detailed in their Application their exhaustive efforts to settle this case, in which Defendants doggedly held to a baseless legal theory. (Pechman Decl., ECF No. 51.) The Court found

4

in Plaintiff's favor on *all* of Plaintiff's claims and awarded *all* of the claimed damages. (ECF No. 45.)  Rather than "bully" or "coerce[]" Defendants to settle, Opp'n at 10, 12, Plaintiff repeatedly attempted to resolve this case at a discount for the benefit of both parties, to avoid additional expenses related to pre- and post-trial submissions and the trial itself.  In this regard, although Defendants reiterate that they are a "small family-owned business" and could not afford a large judgment, *id.*, they provided no proof of any inability to pay (*e.g.*, tax returns and bank accounts) despite repeated requests for such support by Plaintiff.

Contrary to Defendants' disingenuous and unfounded accusation that Plaintiff's counsel acted against its client's interest in pursuit of court-awarded fees, *id.*, Plaintiff could not justify to the Court in a fairness review accepting a discounted settlement amount with a long payout period without proof of Defendants' financial condition.  *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."); *see also Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57 (E.D.N.Y. 2010) (requiring "hard proof" that employer "cannot afford, from a strictly financial standpoint, to pay more to settle the class claims" in assessing reasonableness of settlement).  Moreover, absent a settlement, Plaintiff was obligated to continue prosecuting his case, in accordance with the requirements of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 41 (providing that the Court must dismiss a case if plaintiff fails to prosecute it.)  Plaintiff's exercise of the tools provided in federal court to prove his case, including going to trial, is not a basis for reducing the fees requested.

**IV.     Plaintiff's Compensable Motion *in Limine* Was Necessitated by Defendants' Evasiveness**

Plaintiff's mooted motion *in limine* is also fully compensable.  As a preliminary matter, "[w]hile a district court should not award fees for unsuccessful claims that are separable from Plaintiffs' successful claims, *see Dominic v. Consol. Edison Co. of N.Y.*, 822 F.2d 1249, 1259 (2d Cir.1987), there is no rule that Plaintiffs need achieve total victory on every motion in pursuit of a successful claim in order to be compensated for the full number of hours spent litigating that claim."  *Gortat*, 621 F. App'x at 23; *Rozell*, 576 F. Supp. 2d at 539 (noting that fees may be disallowed for some unsuccessful motions but nevertheless awarding fees for a motion that is "part of the routine give and take of litigation").  Here, all of Plaintiff's claims were successful and his motion *in limine* was simply denied as moot.

The motion was not, as Defendants argue, made in bad faith.  Opp'n at 9.  At his deposition, Defendant Perez identified several potential trial witnesses not listed in Defendants' initial disclosures or interrogatory responses, including Plaintiff's uncle, an employee named "Waldin," and "some customers."  (ECF No. 29-1 ¶ 21.)  When Plaintiff's counsel requested revised disclosures and interrogatory responses on March 27, 2019, Defendants' counsel stated, "[O]ur response stands that *at this time* Mr. Perez is the only witness we may call at trial."  (ECF No. 29-7 (emphasis added).)  That representation, by its own terms, was subject to change up until the time the parties committed to their witness lists in the Joint Pretrial Order ("JPTO").  Because the Court scheduled motions *in limine* to be filed in April, one month prior to the JPTO, (ECF No. 27), Plaintiff moved to preclude Defendants from calling anyone other than Mr. Perez.  Only after Defendants' counsel confirmed to the Court that they would only call Mr. Perez at trial did the Court deem the motion moot.  Defendants have failed to show that

6

Plaintiff's motion was made in bad faith or otherwise noncompensable in light of Defendants' non-binding and equivocal representation as to their witness list. *Cf. Deferio v. Bd. of Tr. of State Univ. of New York*, No. 5:11-CV-0563, 2014 WL 295842, at *10 (N.D.N.Y. Jan. 27, 2014) (rejecting defendant's argument to reduce attorneys' fees when plaintiff stopped pursuing moot motion upon receiving evidence of mootness). Accordingly, Plaintiff should be awarded fees for work performed in drafting the motion *in limine*.

## CONCLUSION

For all of the foregoing reasons and those explained in the Application, Plaintiff Ysael Espinosa respectfully requests that the Court award him attorneys' fees in the amount of $76,920.00 and costs of $2,050.25, for a total of $78,970.25.

Dated: New York, New York
       August 23, 2019

PECHMAN LAW GROUP PLLC

By: *s/ Gianfranco J. Cuadra*
    Gianfranco J. Cuadra
    Louis Pechman
    Lillian M. Marquez
    488 Madison Avenue, 17th Floor
    New York, New York 10022
    Tel.: (212) 583-9500
    Fax: (212) 409-8763
    cuadra@pechmanlaw.com
    pechman@pechmanlaw.com
    marquez@pechmanlaw.com
    *Attorneys for Plaintiff Ysael Espinosa*

To: Adam C. Weiss, Esq.
    The Law Firm of Adam C. Weiss, PLLC
    3 School Street, Ste 303
    Glen Cove, New York 11542
    Tel.: (516) 277–2323
    adam@acweisslaw.com
    *Attorney for Defendants*