UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YSAEL ESPINOSA,

                               Plaintiff,                   18-CV-8855 (LGS)(SN)

             -against-                           **REPORT &**
                                                                **RECOMMENDATION**

ABRAHAM PEREZ, et al.,

                               **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**.

**TO THE HONORABLE LORNA G. SCHOFIELD:**

      Following a one-day bench trial, the Court found that Defendants had violated the Fair Labor Standards Act and New York Labor Law and awarded Plaintiff $45,329.71 in unpaid wages, liquidated and statutory damages, and prejudgment interest. Plaintiff now moves for an award of attorneys' fees. I recommend that the motion be GRANTED in part.

## DISCUSSION

      There is no dispute that Plaintiff is the prevailing party and therefore entitled to an award of attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA") and the New York Labor Law, N.Y. Lab. Law § 198-a(1) and § 198-d (the "NYLL"). Plaintiff seeks $76,920.00 in fees and $2,050.25 in costs, for a total award of $78,970.25. Defendants argue that this amount is "unreasonable" considering both the hourly rate sought and the number of hours worked.

      The lodestar — the product of a reasonable hourly rate and the reasonable number of hours required — produces a presumptively reasonable fee. Millea v. Metro-North Railroad Co.,

658 F.3d 154, 166 (2d Cir. 2011). A "reasonable hourly rate" is the rate a paying client would be willing to pay. Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). To determine this amount, courts rely on the "hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and expertise." Abdell v. City of New York, 05-cv-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (citations omitted). Courts must also consider the "case-specific variables" set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974),[1] although separate findings as to each factor are unnecessary. C.B. v. New York City Dep't of Educ., 18-cv-7337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (citations omitted).

To determine the reasonable number of hours required to litigate the case, courts must review an attorney's contemporaneous time records. Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). Any hours that were not "reasonably expended" should be excluded. Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co., 11-cv-4308 (PGG), 2013 WL 6171660, at *4 (S.D.N.Y. Nov. 25, 2013). This analysis takes into consideration "overstaffing, the skill and experience of the attorneys, [and any] redundant, excessive, or unnecessary hours." Gonzalez, 112 F. Supp. 3d at 29 (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

Multiplying the reasonable number of hours by the appropriate hourly rate produces the lodestar. Millea, 658 F.3d at 166. Although this amount is not conclusive, the court should apply

---

[1] The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Arbor Hill, 522 F.3d at 186 n.3.

an adjustment only in rare circumstances. We Shall Overcome Found. v. Richmond Org., Inc., 330 F. Supp. 3d 960, 974 (S.D.N.Y. 2018) (citing Millea, 658 F.3d at 167).

**I.      Hours Worked**

Plaintiff seeks an award of attorneys' fees for 195.2 hours worked. Gianfranco J. Cuadra, an associate at Pechman Law Group PLLC (the "Firm"), performed 161.7 of those hours and was the principal lawyer on the case. Lillian M. Marquez joined the litigation team as the case neared trial and worked 24.7 hours on the case. Louis Pechman, the founding partner of the Firm, worked only 3.3 hours. In addition, law clerk Maribel Lopez worked 3.8 hours.

Defendants argue that the hours worked are "ridiculously excessive." Defendants raise essentially three challenges to the hours worked. First, they contend that the case was "simple," with limited discovery, two depositions and no motion practice. Defendants highlight a few entries to make their point: 3.9 hours drafting interrogatories, 6.5 hours drafting discovery responses, 4.7 hours drafting a witness affidavit, 7.8 hours drafting an unsuccessful *in limine* motion, and 19.5 hours drafting a pretrial memorandum of law. Def. Br. at 4. While the Court recognizes that some lawyers might have completed some of these same tasks more efficiently, these hours are not outside the bounds of reasonable. For example, the Court assumes that the discovery demands Plaintiff served were relatively straightforward and potentially could have been drafted in two—not four—hours, or the responses and objections drafted in five—not six and a half—hours. But other entries appear reasonable on their faces. The pretrial memorandum of law is 22 pages, with significant citations to the record and a complex legal discussion on whether the Plaintiff was an intern under Glatt v. Fox Searchlight Pics., Inc., 811 F.3d 528 (2d Cir. 2015). See ECF No. 38. Spending nearly 20 hours on such a brief is reasonable.

On different facts, the Court might determine that an across-the-board reduction is appropriate to account for the potential for minor inflation. The Court, however, has reviewed the entire invoice and finds that such practice would be inappropriate. None of the reasons that courts in this district reduce hours is present here.

Courts may reduce an attorney's requested fees when the billing entries are vague and do not sufficiently demonstrate what counsel did. Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) (citations omitted). A billing entry is "vague" if it "lacks sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed." Handschu v. Special Servs. Div., 727 F. Supp. 2d 239, 250 (S.D.N.Y. 2010). Here, each entry adequately describes the work performed, permitting the Court to evaluate the reasonableness of the time spent.

Relatedly, the use of "block-billing" may prevent the Court from properly reviewing the attorneys' time records. Block-billing occurs when an attorney groups multiple tasks into a single billing entry. Hines v. City of Albany, 613 F. App'x 52, 55 (2d Cir. 2015). This practice is absent from the Firm's records. Counsel consistently recorded one task per entry—often providing multiple, discrete entries in one day—allowing the Court to "conduct a meaningful review of the hours requested." Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017) (citing Merck Eprova AG v. Gnosis S.P.A., 760 F.3d 247, 266 (2d Cir. 2014)).

In determining whether the requested hours are "excessive, redundant, or otherwise unnecessary," courts may also consider "the number of attorneys assigned to staff particular matters or events." Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, 10-cv-2262 (DRH)(AYS), 2019 WL 2870721, at *7 (E.D.N.Y. June 18, 2019), adopted by 2019 WL 2869150 (E.D.N.Y. July 3, 2019). Allocating an "inordinate number of attorneys to litigate

the action" is grounds to reduce a fee award. Houston v. Cotter, 234 F. Supp. 3d 392, 404 (E.D.N.Y. 2017) (collecting cases). Here, all tasks were performed by Mr. Cuadra until Ms. Marquez appeared on May 16, 2019, less than one month before the trial. Accordingly, Plaintiff did not unreasonably use multiple attorneys to prosecute this case.

Finally, the Court has reviewed the record for implausible billing entries. The Court has not uncovered entries that are inconsistent with the docket or that reflect work performed on holidays or billed in excess of 24 hours in a single day. Defendants complain that Plaintiff's lawyers billed 15.7 hours for a four-hour trial. Each trial lawyer billed 7.8 hours, which reflects 5.6 hours of in-court work and additional time preparing the Plaintiff and traveling to Court (billed at half-time rates). The Court finds this reasonable.

Second, Defendants argue that their counsel defended this case in "under 30 hours." Def. Br. at 3; Adam C. Weiss Decl., ¶ 6. The Court finds this representation either improbable or indicative of an inadequate defense against a federal lawsuit. Accordingly, I recommend that no weight be afforded to a comparison to defense counsel's hours.

Third, Defendants argue that Plaintiff was unreasonable in settlement negotiations, which unnecessarily increased the cost of litigation. It is inappropriate for Defendants to raise settlement discussions to defend against a fee application. Fed. R. Evid. 408. But even if the Court were to consider settlement negotiations, "[a]bsent a showing of bad faith, a party's declining settlement offers should not operate to reduce an otherwise appropriate fee award." Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992) (alteration and internal quotation marks omitted); see also Rozell v. Ross-Hoist, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) (declining to reduce fee award based on settlement rejection). To the extent Defendants wished to inoculate themselves with a reasonable settlement offer, they could have issued an Offer of Judgment

pursuant to Rule 68 of the Federal Rules of Civil Procedure. And, to the extent Defendants' argument is that the fee sought is greater than Plaintiff's success would have been at trial, the Court of Appeals has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005) (citing Quaratino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999)).

For all these reasons, I recommend that the Court accept as reasonable Plaintiff's counsel's hours worked.

## II.   Hourly Rate

Plaintiff seeks $400 per hour for the two senior associates who conducted most of the litigation work, and $600 per hour for Louis Pechman, the founding partner of the Firm. Plaintiff claims that these rates are paid by paying clients of the Firm and are within the range of fees charged by attorneys of commensurate experience. See Pechman Decl., ¶ 42.

Briefly, Mr. Cuadra graduated from law school in 2009 and has worked at the Firm since March 2015. Ms. Marquez graduated from law school in 2011 and has worked at the Firm since September 2016. Mr. Pechman is a 1983 law school graduate and worked at leading law firms in New York City (on both the defense and plaintiff sides) before founding the Firm in January 2015.

Plaintiff makes three arguments in support of the hourly rates sought: (1) courts in this district award similar rates for similar lawyers; (2) the Firm's paying clients pay these rates; and (3) these rates are consistent with the findings in a survey of billing rates for labor and

employment lawyers in New York City. Defendants reject the first proposition and argue that the second and third are not relevant.

Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." See Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted); see also Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009). The relevant community in this case is the Southern District of New York. Arbor Hill, 522 F.3d at 190.

The Court has surveyed the fee awards over the last decade. For labor and employment lawyers who have practiced for eight to ten years, the prevailing hourly rate is between $250-$350. See Abdell v. City of New York, 2015 WL 898974 at *3 ("[R]ates for associates have ranged from $200 to $350, with average awards increasing over time."). See also Wong v. Hunda Glass Corp., 09-cv-4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour."). Defendants do not materially challenge this range; they only argue that an hourly rate of $400 is too high for lawyers with ten or fewer years of experience under their belts. As set forth in the Pechman Declaration, Mr. Cuadra worked at a major New York City law firm before joining the Firm and has since conducted substantial litigation and served as a panelist at numerous continuing legal education programs. Ms.

Marquez had five years of federal clerkship experience before joining the Firm: three years as a staff attorney for the Court of Appeals for the Second Circuit, and two years as a term law clerk for a magistrate judge in the Eastern District of New York. She has also served on panels related to labor and employment issues. Both lawyers are plainly impressive. That said, an award of $400/hour for a non-partner and lawyer with ten or fewer years' experience in the field of labor and employment would be exceptional.

The Court affords "significant weight" to evidence that the rates requested are regularly charged to and paid by the Firm's clients. Anthony v. Franklin First Financial, Ltd., 844 F. Supp. 2d 504 (S.D.N.Y. 2012). See also Rozell, 576 F. Supp. 2d at 544 ("[T]he range of rates that plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear."); Lilly v. County of Orange, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the market place is evidence of the prevailing market rate.").

Finally, although not dispositive, the Court may rely on survey evidence as a cross-check on any fee award to ensure that it is reasonable. See Mawere v. Citco Fund Services, (USA) Inc., 09-cv-1342 (BSJ)(DF), 2011 WL 6779319, at *5, n.5 (S.D.N.Y. Sept. 16, 2011). Plaintiff submits the 2018 Real Rate Report thru September 2018 by Wolters Kluwer, which provides that the mean "real rate" for partners and associates in 2018 for attorneys working in labor and employment law in New York City was $682/hour and $473/hour, respectively.

Defendants do not challenge Mr. Pechman's hourly rate of $600. Given his decades of experience, and the fact that he only billed 3.3 hours, that strategy makes sense. I find his rate to be reasonable and recommend that it be adopted. With respect to Mr. Cuadra and Ms. Marquez, I recommend awarding a rate of $375/hour. Although a slight reduction in their requested rate, it

reflects the seniority of these lawyers and the fact that they are performing at the high end within their field. This rate also closely aligns with the rate paying clients accept for their services, rendering it presumptively reasonable.

I further recommend that Plaintiff be awarded $100/hour for the 3.8 hours of work performed by the Firm's paralegal, Maribel Lopez. See Themis Capital v. Democratic Republic of Congo, 09-cv-1652 (PAE), 2014 WL 4379100, at *8 (S.D.N.Y. Sept. 4, 2014) ("[T]he caselaw reflects that paralegal billing rates of between $90 and $125 are more in line with the prevailing market rates in this district."); Gonzalez v. Scalinatella, Inc., 2015 WL 3757069 at *22 (awarding paralegals hourly rates of $100 to $105).

Finally, I find that the costs sought in the amount of $2,050.25 are documented and reasonable. Pechman Decl., Ex. 4. They should be awarded without reduction.

## CONCLUSION

I recommend that the Court award Plaintiff fees as follows: 3.3 hours at $600/hour for Mr. Pechman; 161.7 hours at $375/hour for Mr. Cuadra; 24.7 hours at $375/hour for Ms. Marquez; and 3.8 hours at $100/hour for Ms. Lopez, for a total fee award of $72,260. The Court should award costs in the amount of $2,050.25. The total award should be $74,310.25.

DATED:  January 27, 2020  
New York, New York

_____  
SARAH NETBURN  
United States Magistrate Judge

\*         \*         \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules

of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).