UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2020
```

-------------------------------------------------------------X
  YSAEL ESPINOSA,                        :
                                        :
                    Plaintiff,  :
                                          :        18 Civ. 8855 (LGS)
           -against-            :
                                          :        **ORDER AND ORDER**
  ABRAHAM PEREZ, et al.,          :
                    Defendants. :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Ysael Espinosa brought an action against Abraham Refrigeration Corp., d/b/a

Abraham Refrigeration and Abraham Perez ("Defendants")[1] alleging violations of the Fair Labor

Standards Act ("FLSA"). Following a one-day trial on June 10, 2019, judgment was entered for

Plaintiff against Defendants in the amount of $40,893.94 and prejudgment interest from April 17,

2018 to the date of judgment. The Court also found Plaintiff was entitled to costs and attorneys'

fees. In a Report and Recommendation filed January 27, 2020 (the "Report"), Judge Sarah

Netburn recommends that Plaintiff's motion for costs and attorneys' fees be granted in part.

Defendants timely objected. For the following reasons, the objection is overruled and the Report

is adopted.

I.      **BACKGROUND**

       Plaintiff filed his complaint on September 27, 2018, alleging various violations of FLSA

during his employment at Abraham Refrigeration between January 2018 and July 2018. After

roughly four months of discovery, the action was placed on the Court's trial-ready calendar and

---

[1] Abraham Refrigeration A/C Corp. was dismissed from this Action on July 1, 2019, and did appear in connection with Plaintiff's motion for attorneys' fees.

scheduled for trial on June 10, 2019.  In their proposed findings of fact and conclusions of law and pretrial memorandum, Defendants argued that Plaintiff had been appropriately paid for certain work, but was an unpaid trainee or intern for other work and therefore was beyond the reach of FLSA's minimum wage provision and overtime.  After a four-hour trial, the Court found that Plaintiff was an employee under FLSA and accordingly ordered that judgment be entered for Plaintiff against Defendants.  The Court also held that Plaintiff is entitled to attorneys' fees and costs, and referred the motion to Judge Netburn.

Plaintiff seeks an award of attorneys' fees for $76,920.00, for the 195.2 hours worked by his counsel, attorneys at Pechman Law Group PLLC (the "Firm").  Gianfranco Cuadra, an associate, billed 161.7 hours and was the principal lawyer on the case.  Lillian Marquez, an associate, billed 24.7 hours after joining the case as it neared trial.  Louis Pechman, the founding partner of the Firm, billed 3.3 hours on this case.  Finally, Maribel Lopez, a law clerk, billed 3.8 hours.

The Report recommends that this Court (1) accept as reasonable Plaintiff's counsel's hours worked; (2) accept the proposed $600 per hour rate for Pechman; (3) reduce from $400 per hour to $375 per hour the rates for Cuadra and Marquez; (4) award $100 per hour for the 3.8 hours of work performed by the law clerk; and (5) award without reduction the requested $2,050.25 in costs.  The Report recommends a total award of $74,310.25, equal to $72,260 in attorneys' fees and $2,050.25 in costs.

## II.  STANDARD

### A.  Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).  Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord Rodriguez v. Berryhill*, No. 18 Civ. 0918, 2019 WL 5158721, at *4 (S.D.N.Y. Oct. 15, 2019).

"When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018).  Similarly, where no specific written objection is made, "the district court can adopt the report without making a *de novo* determination." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F.Supp.3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (finding that neither 28 U.S.C. § 636(b)(1)(C), nor the legislative history, indicates that "Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

### B.  Legal Standard

The Fair Labor Standards Act and New York Labor law provides for the award of

reasonable attorneys' fees to the prevailing party.  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. LAB. LAW § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees."); *see also* N.Y. LAB. LAW § 198(1-b), (1-d).

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original).  "However, this discretion is not unfettered, and when a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court."  *Id.*  "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'"  *Id.* (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 554 (2010)).  "A district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee.  However, such adjustments are appropriate only in 'rare circumstances,' because the 'lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."  *Id.* at 167 (citations, quotation marks and alterations omitted).

## III.   <u>DISCUSSION</u>

Here, the Report found the number of hours billed by Plaintiff's counsel was reasonable, and reduced in part the hourly rates to rates also found to be reasonable.  The Report then recommended awarding the product of these numbers, i.e., the lodestar.

Defendants object to the Report in its entirety, with the exception of the Report's recommendation that Plaintiff's counsel be awarded $2,050.25 in costs. Defendants argue that Plaintiff's application should be substantially reduced because (1) Plaintiff's fees are excessive and inconsistent with reasonable rates paid to similarly-experienced lawyers in the legal community; (2) the hours expended are excessive, unreasonable and duplicative in light of the simple nature of this case; and (3) Defendants' attempts to resolve the matter reasonably and amicably were stymied by Plaintiff's unnecessarily high settlement request based on an overvaluation of the case. Because Defendants' objections reiterate arguments made to Judge Netburn, this Court reviews the Report for clear error. *See Espada*, 2016 WL 6810858, at *2.

**A.  Hours Billed**

Defendants' objections consist of arguments that were copied directly -- word-for-word in many instances -- from the arguments made in opposition to Plaintiff's motion for attorneys' fees. Defendants argue that this was a relatively simple wage and hour case similar to cases for which courts have reduced hourly fees for attorneys in the past, and for which Plaintiff's counsel billed excessive time. Defendants object generally to the finding that the number of hours expended was reasonable, and specifically to the 7.8 hours spent drafting an unsuccessful in limine motion to limit Defendants to calling only Abraham Perez at trial where Defendants allege they had never intended to any other witness, and the nearly 20 hours spent drafting Plaintiff's 22-page pretrial memorandum.

The Report's reasoning was not in clear error. The Report addresses Defendants' argument that the hours billed were excessive given the simple nature of the case, finding that the hours billed were not "outside the bounds of reasonable." Specifically, the Report finds that the time spent on Plaintiff's pretrial memorandum was not unreasonable where the memorandum

included significant citations to the record and a complex legal discussion on whether Plaintiff

was an intern under *Glatt v. Fox Searchlight Pics.*, Inc., 811 F.3d 528 (2d Cir. 2015).  The

Report then analyzes and found inapplicable several factors that may prompt courts to reduce an

attorney's requested fees, including vague billing entries, the use of block billing, the

unreasonable use of multiple attorneys and implausible billing entries.

Defendants cite no facts or caselaw to support an alternate finding.  The only case

Defendants cite on this point is inapposite because the court found an across-the-board reduction

appropriate where "[p]laintiffs' unpaginated Memorandum [was] largely boilerplate, and it

use[d] incorrect names for the parties and analyze[d] irrelevant dates to assess the minimum

wage."  *See Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777, 2012 WL 3578781, at *13

(S.D.N.Y. Aug. 2, 2012).  This is not the case here.  Defendants' argument regarding the

unsuccessful motion in limine is equally unavailing where, per the motion in limine itself, it was

brought because Defendants had failed to identify the witnesses they intended to call at trial.

That the motion was subsequently denied as moot because Defendants decided to call on

Abraham Perez as a witness does not warrant a finding that the time spent drafting the motion by

Plaintiffs' counsel was unreasonable.  Accordingly, the Report's recommendation that the Court

accept as reasonable the number of hours worked by Plaintiff's counsel's is adopted.

**B.  Hourly Rate**

Defendants' objections to Plaintiff's requested hourly rates are also copied directly from

the arguments made in opposition to Plaintiff's motion for attorneys' fees.  Defendants argue that

the Report's recommended billing rate of $375 per hour (reduced from the proposed $400 per

hour rate) for Mr. Cuadra and Ms. Marquez is unreasonable because, although both associates

are considered senior associates by the Firm, they have been performing legal work specifically

in employment matters for only four and a half and three years, respectively.

The Report considers the following factors in determining a reasonable hourly rate: (1) the "plainly impressive" resumes of the associates who graduated from law school in 2009 and 2011; (2) that the prevailing hourly rate for labor and employment lawyers who have practiced for eight to ten years, pursuant to a survey of fee awards over the last decade, is between $250-$350 per hour; that the rates charged to and paid by Firm clients for the associates' work is $400 per hour; and survey evidence from the 2018 Real Rate Report through September 2018 by Wolters Kluwer, which provides that the mean "real rate" for associates in 2018 working in labor and employment law in New York City was $473 per hour.  Of this evidence, the Report put "significant weight" on the associates' rates for Firm billable work, *see Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012), and relied on the survey evidence as a "cross check."  The Report's conclusion that $400 per hour is a reasonable hourly rate in not in clear error.  *See Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) ("[T]he equation in the caselaw of a 'reasonable hourly fee' with the 'prevailing market rate' contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.  This may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.").  Defendants' citations to cases where courts approved rates between $250 and $350 per hour for associates with less experience in 2010, 2014 and 2015 are unpersuasive where they do not explain why rates from five to ten years ago should govern here.  "Recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available [in awards of attorneys' fees] and compensation available in the marketplace."  *Id*.  Similarly unavailing is Defendants' citation to *Galeana v. Lemongrass on*

*Broadway Corp.* in support of the argument that the "relatively straightforward posture" of the case warrants lower hourly rates, as the court there reduced the hourly rate from $450 to $425 in part due to "the failure of plaintiffs to provide support for the hourly rate sought with information about what their attorneys normally charge." 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014).

As the Report's recommendation to reduce the rates of Mr. Cuadra and Ms. Marquez to $375 per hour is not in clear error, the recommendation is adopted. Defendants did not object to the hourly rates recommended for Louis Pechman or the law clerk in the Report and, as the Report's reasoning as to those rates was also not in clear error, they are also adopted.

### C. Settlement Attempts

In an argument that is only slightly modified from the argument in Defendants' opposition to Plaintiff's motion for attorneys' fees, Defendants argue that the Report mostly ignores Defendants' argument that Plaintiff's counsel drastically overvalued their case, and that Defendants had no choice but to go to trial due to Plaintiff's excessive settlement demands. Defendants argue that, had Plaintiff properly evaluated the case in good faith and made a reasonable demand, the case would not have gone to trial and excessive billing would have been eliminated.

The Second Circuit has held that "[a] district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded." *Ortiz v. Regan*, 980 F.2d 138, 140 (2d Cir. 1992). Defendants' argument that an offer of judgment pursuant to Rule 68 would have only minimally reduced the overall award is similarly unavailing. "Absent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award.'" *Id.* at 141; *accord Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651,

662 (S.D.N.Y. 2019) ("Defendants argue in favor of a 90% reduction of Plaintiffs' legal fees on the premise, in part, that Plaintiffs' settlement position throughout the case had been 'excessive.'. . . [T]he Court finds that Defendants' 'reference to the settlement discussions and amounts offered is inappropriate.'").  As Defendants have not made a showing of bad faith, evidence of failed settlement negotiations is not appropriately considered on this motion for attorneys' fees.

**IV.**   **CONCLUSION**

For the foregoing reasons, Defendants' objections are overruled and the Report's recommendation to grant in part the motion for attorneys' fees is adopted.  Plaintiff is awarded fees of $72,260 and costs of $2,050.25, for a total of $74,310.25.

The Clerk of Court is respectfully directed to close the motion at Docket No. 50.

Dated:  March 9, 2020
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**